RYCRAFT (UNITED STATES v.). See Case No. 16,211.

RYDER (BARNES v.). See Case No. 1,020.

RYER (ROBERTS v.). See Case No. 11,913.

RYERSON (ALLEN v.). See Case No. 235.

## Case No. 12,191.

RYNAUD v. The RICHARD COBDEN.

[N. Y. Daily Times, Feb. 15, 1863.]

District Court, D. Connecticut. Feb. 10, 1863.

CARRIERS—CONTRACT TO RECEIVE—ADMIRALTY—ACTION IN REM.

This was a libel filed to recover the damages caused by the refusal to receive on board the vessel certain hogsheads of tobacco, which the libelants alleged the agents of the vessel had agreed to receive on board and carry as freight.

Kaufman, Frank & Wilcoxson, for libellants. Beebe, Dean & Donohue, for claimants.

SHIPMAN, District Judge. This libel must be dismissed. It is now well settled that in order to subject a vessel, through process in rem, for loss of goods agreed to be carried on freight, the goods must have been delivered and received on board. Dill v. The Bertram [Case No. 3,910]. The goods in this case were not so delivered and received on board, and no liability for their loss is thrown on the vessel. Whether there is a personal liability resting upon those in charge of the vessel in consequence of any failure of duty on their part need not be determined. That question is not before the court. Libel dismissed, with costs.